IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

ESSEX INSURANCE COMPANY;            )
                                     )
    Plaintiff,                       )
                                     )
v.                                   )
                                     )  Case No. 12-CV-226-JHP
                                     )
TINA BAYLESS;                        )
ALL STAR TAVERN, LLC;                )
JAMES MONK, individually;            )
JENNIFER MONK, individually;         )
KENJI RAYMOND, individually;         )
ALDO WATERS, individually; and       )
LEISURE TIME PROPERTIES, INC.;       )
                                     )
    Defendants.                      )

## OPINION AND ORDER

Before the Court are Defendants Aldo Waters and Leisure Time Properties, Inc.'s Motion to Dismiss [Doc. No. 34]; Defendants James and Jennifer Monk's (the "Monks") Motion to Stay/Abstain [Doc. No. 37]; and the Monks' Motion for Hearing [Doc. No. 45]. After review of the briefs, and for the reasons stated below, Defendants Aldo Waters and Leisure Time Properties, Inc.'s Motion to Dismiss is **DENIED**; the Monks' Motion to Stay/Abstain is **DENIED;** and the Monks' Motion for Hearing is **DENIED** as **MOOT.**[1]

## BACKGROUND

Plaintiff brought this declaratory judgment action to adjudicate the rights and liabilities under a contract of insurance issued by Plaintiff to Defendant Tina Bayless ("insurance policy").[2]

---

[1] Pursuant to LCvR 78.1, the Court declines to hear oral arguments on the Monks' Motion to Stay/Abstain. *See* LCvR 78.1 ("Oral arguments or hearings on motions or objections will not be conducted unless ordered by the Court.").

[2] The insurance policy, Policy No. MB00000698, was actually issued to "Tina Bayless d/b/a All Starz." [Doc. No. 2 at 3].

On October 31, 2011, the Monks filed suit in the District Court of Carter County, Oklahoma ("Carter County lawsuit"), seeking compensation for damages allegedly resulting from an incident on April 14, 2011, at All Star Tavern in Ada, Oklahoma. Plaintiff is providing Defendants Tina Bayless and All Star Tavern, LLC, with a defense under a reservation of rights in the underlying Carter County lawsuit. However, there is a dispute as to whether the insurance policy covers the claims asserted by the Monks against Defendants Tina Bayless and All Star Tavern, LLC in the Carter County lawsuit.

## DISCUSSION

### I. Motion to Stay/Abstain

The Monks contend that the Court should abstain from hearing the instant action, or, in the alternative, stay these proceedings pending the completion of the Carter County lawsuit. The federal declaratory judgment statute provides "[i]n a case of actual controversy within its jurisdiction ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201. "While this statute vests the federal courts with power and competence to issue a declaration of rights, the question of whether this power should be exercised in a particular case is vested in the sound discretion of the district courts." *St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1168-69 (10th Cir. 1995) (internal citations omitted); *see also Sierra Club v. Yeutter,* 911 F.2d 1405, 1420 n. 8 (10th Cir. 1990). If the Court finds that it should not exercise jurisdiction over this case, it must also consider whether plaintiff's claims should be dismissed without prejudice or stayed until resolution of the state court proceedings. *United States v. City of Las Cruces,* 289 F.3d 1170 (10th Cir. 2002).

In *State Farm Fire & Casualty Co. v. Mhoon*, the United States Court of Appeals for the Tenth Circuit set out the following factors to be weighed by a district court when determining whether it is appropriate to hear a declaratory judgment action:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race to *res judicata*; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

*State Farm Fire & Casualty Co. v. Mhoon,* 31 F.3d 979, 983 (10th Cir.1994).

In addition, because this action involves a contemporaneous state court proceeding, the Court must also consider whether the " 'same fact-dependent issues are *likely* to be decided in another pending proceeding.' " *St. Paul Fire & Marine*, 53 F.3d 1167-80 (emphasis original)(quoting *Kunkel v. Cont'l Cas. Co.*, 866 F.2d 1269, 1276 (10th Cir. 1989)). To be sure, "a district court is 'under no compulsion to exercise' " its discretion to consider a declaratory judgment action "where the controversy may be settled more expeditiously in the state court." *State Farm Mut. Automobile Ins. Co. v. Scholes,* 601 F.2d 1151, 1154 (quoting *Will v. Calvert Fire Ins. Co.,* 437 U.S. 655, 662–63 (1978)).

To determine whether to exercise its jurisdiction and proceed with a declaratory judgment action in such cases, courts should consider the following:

> Where a district court is presented with a claim such as was made here, it should ascertain whether the questions in the controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court. This may entail inquiry into the scope of the pending state court proceeding and the nature of defenses open there. The federal court may have to consider whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc.

*Id.*

The Court finds that the aforementioned factors weigh in favor of hearing this declaratory judgment action. A declaratory judgment would settle the controversy of whether Plaintiff is required to continue defending Defendants Tina Bayless and All Star Tavern, LLC in the pending Carter County lawsuit and thereby clarify the relationship between the parties. Plaintiffs are not using the declaratory judgment remedy merely for the purpose of procedural fencing—in fact, declaratory judgment actions to determine the scope of insurance coverage are precisely the type of actions for which declaratory judgment is intended to solve. *See Western Cas. and Sur. Co. v. Teel,* 391 F.2d 764, 766 (10th Cir.1968). Further, there is no indication that the judgment in this action will be outcome determinative for the state court action (or vice-versa). *See New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 297 (4th Cir. 2005). Finally, a declaratory judgment action is the most effective remedy to determine insurance coverage. Significantly, Plaintiff is not a party in the state court lawsuit and it will not be able to seek a determination of its obligation to defend and indemnify in the Carter County lawsuit. In addition to reasons already stated, the Court finds that Plaintiff's ongoing obligation to defend Defendants Tina Bayless and All Star Tavern, LLC is an issue that should be decided quickly to avoid unnecessary expense, and a ruling on this issue should not be delayed until the completion of the state court lawsuit. *See GuideOne Elite Ins. Co. v. Southern Nazarene University,* 2008 5412413 (W.D.Okla. Dec. 29, 2008) (finding that delaying proceedings as to insurer's duty to defend would effectively deny insurer a remedy). Accordingly, the Monks' Motion to Stay/Abstain is denied.

## II. Motion to Dismiss[3]

Defendants Aldo Waters and Leisure Time Properties argue that they are not proper parties and should be dismissed from this action.[4] It is well established that "[i]n declaratory actions brought to determine coverage under insurance policies issued to protect the insured against liability to third persons, third persons asserting such liability have been held to be proper parties to a declaratory judgment proceeding, although their claims against the insurer are contingent upon recovery of a judgment against the insured." *Franklin Life Ins. Co. v. Johnson,* 157 F.2d 653, 658 (10th Cir.1946); *see also Maryland Cas. Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270 (1941) (actual controversy existed between insurer and third-party bringing claim against an insured, and district court abused its discretion by dismissing declaratory judgment action); *Harris v. Quinones,* 507 F.2d 533, 537 (10th Cir.1974) ("we have previously supported the view that in an action for declaratory judgment all persons interested in the declaration are 'necessary' parties").

As noted by Plaintiff, Defendants Aldo Waters and Leisure Time Properties are named in the underlying Carter County lawsuit as a possible tortfeasor. [*See* Doc. No. 36, Ex. 1]. As such, the Court finds that Defendants Aldo Waters and Leisure Time Properties have a significant

---

[3] The Court recognizes that Rule 12(d) provides that "[i]f, on a motion ... to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment." Further, "[w]hen matters *outside of the record* are presented and not excluded, the court must treat the motion as one for summary judgment and proceed under Rule 56." *Torres v. First State Bank of Sierra County,* 550 F.2d 1255, 1257 (10th Cir.1977) (emphasis added). However, to be sure, the Court has complete discretion in deciding whether to consider matters outside of the pleadings. *See Harper v. Lawrence County, Ala.*, 592 F.3d 1227, 1232 (11th Cir. 2010); *Stahl v. U.S. Dept. of Agriculture*, 327 F.3d 697, 701 (8th Cir. 2003). The Court declines to consider the exhibits attached to Defendants Aldo Waters and Leisure Time Properties' Reply [Doc. No. 43, Ex. 1-6]; consequently, their Motion to Dismiss is not converted into a motion for summary judgment.

[4] The Court notes that Defendants Aldo Waters and Leisure Time Properties' provided absolutely no legal authority in support of their Motion to Dismiss. [*See* Doc. No. 34].

interest in the outcome of the instant case, and, consequently, are necessary parties to this action.[5] Accordingly, Plaintiff's motion is denied.

## CONCLUSION

After review of the briefs, and for the reasons outlined above, Defendants Aldo Waters and Leisure Time Properties, Inc.'s Motion to Dismiss is **DENIED**; the Monks' Motion to Stay/Abstain is **DENIED;** and the Monks' Motion for Hearing is **DENIED** as **MOOT.**

**IT IS SO ORDERED** this 1st day of March, 2013.

*James H. Payne*
James H. Payne
United States District Judge
Eastern District of Oklahoma

---

[5] If Defendants Aldo Waters and Leisure Time Properties truly believe they are not interested parties and they want to avoid participating in this litigation, Plaintiff states that it would be willing to voluntarily dismiss Defendants Aldo Waters and Leisure Time Properties from the case if they would agree to be bound by this Court's determination as to insurance coverage. [Doc. No. 39 at 3].